# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. FARMER, | No. 4:18-CV-02216 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LT. TODD L. HARMAN, *et al.*, | |
| Defendants. | |

## ORDER

### APRIL 16, 2019

Joseph W. Farmer filed this 42 U.S.C. § 1983 complaint alleging that Defendants violated his Constitutional rights by forcing Farmer to register as a sex offender.[1] In January 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court dismiss claims against Tyree V. Blocker and Tom Wolf on the ground that Farmer's complaint failed to state a claim against either defendant.[2] Magistrate Judge Carlson further recommends that the Court strike Farmer's request for unliquidated damages.[3] Farmer filed timely objections in which he asserts that (1) his complaint contains well-pleaded allegations against Blocker and Wolf, and (2) this Court should take into account Farmer's intent in requesting a specific amount of unliquidated damages.[4]

---

[1] Doc. 2.
[2] Doc. 22.
[3] *Id.*
[4] Doc. 26.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6]

Upon de novo review of Magistrate Judge Carlson's Report and Recommendation, the Court finds no error in the conclusion that Farmer's complaint fails to state a claim as to Blocker and Wolf. In that regard, the complaint contains no allegations that would allow the Court to infer that either party was personally involved in registering Farmer as a sex offender or that either party may be held liable based on the conduct of their subordinates. Moreover, regardless of Farmer's intent, his request for a specific amount of unliquidated damages is improper. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 22) is **ADOPTED in its entirety**;

2. Farmer's request for a specified sum of unliquidated damages is **STRICKEN**;

---

[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

3. All claims against Blocker and Wolf are **DISMISSED without prejudice**; and

4. Farmer may, if he chooses, file an amended complaint within 30 days of the date of this Order that addresses the deficiencies identified in Magistrate Judge Carlson's Report and Recommendation. Failure to timely file an amended complaint will be deemed an election to proceed only with respect to Farmer's claims against Lt. Todd L. Harman.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge