## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. FARMER, | No. 4:18-CV-02216 |
| Plaintiff, | (Judge Brann) |
| v. | |
| LT. TODD HARMAN, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 2, 2021

Plaintiff Joseph Farmer, a former state prisoner, filed complaint pursuant to 42 U.S.C. § 1983 alleging that the requirement that he must register as a sex offender for life violates the First, Eighth, and Fourteenth of the United States Constitution.[1] This action was stayed pending the disposition of *Commonwealth v. Lacombe*.[2] After the conclusion of *Lacombe*, the stay was lifted, and Defendant Lt. Todd Harman filed a motion to dismiss arguing that Plaintiff's registration requirement does not violate the Ex Post Facto Clause,[3] which Plaintiff has opposed.[4] For the reasons that follow, the Court will deny the motion and *sua sponte* dismiss Plaintiff's claims.

---

[1]   Doc. 2.
[2]   234 A.3d 602 (Pa. 2020).  *See* Doc. 33.
[3]   Doc. 36.
[4]   Doc. 38.

# I.    FACTUAL BACKGROUND

Plaintiff was convicted of rape in 1983.[5]  In the complaint, Plaintiff generally argues that his registration under Pennsylvania's sex offender registry statute is unconstitutional.[6]  Plaintiff was notified by the Pennsylvania State Police ("PSP") on or about December 17, 2013, he was a sexual offender in classification Tier 3, that he would need to register as a sex offender with the PSP for life, and that he would be required to verify his registration with the PSP every three months.[7]

Plaintiff alleges that on July 19, 2017, the Supreme Court of Pennsylvania held that Pennsylvania's sex offender registry requirements violated the federal and state constitutions and cannot be applied to offenders whose crimes were committed prior to December 20, 2012.[8]  Plaintiff informed Defendant Harmon in a September 1, 2017 letter that the sex offender registry law is punitive and cannot be applied retroactively to Plaintiff.[9]  Although not expressly stated in the complaint, it appears that Lt. Harman did not remove Plaintiff from the registry.  Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments.[10]

---

[5]    *See* Pennsylvania Megan's Law Registry, *available at* https://www.pameganslaw. state.pa.us/OffenderDetails/Offenses/34186 (providing that Plaintiff had been convicted of rape on January 24, 1983).  The Court take's judicial notice of this fact, which Plaintiff admits in his brief in opposition to the motion.  *See* Doc. 38-1 at 1
[6]    *See* Doc. 2.
[7]    *Id.* at 19.
[8]    *Id.* at 7.
[9]    *Id.*
[10]   *See id.* at 5.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[11] When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[12] The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[13]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] The court need not accept unsupported inferences,[15] nor legal conclusions

---

[11]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12]   *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).

[13]   *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[14]   *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).

[15]   *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

cast as factual allegations.[16]  Legal conclusions without factual support are not entitled to the assumption of truth.[17]

Once a court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[18]  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[19]  The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[20]

## III.    DISCUSSION

### A.    Defendant's Motion to Dismiss

In the motion to dismiss, Defendant argues that Plaintiff's challenge to the registry requirement involved a prior version of the law, which was found to be unconstitutional by the Supreme Court of Pennsylvania in *Commonwealth v.*

---

[16]  *Twombly*, 550 U.S. at 556.

[17]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

[18]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[19]  *Iqbal*, 556 U.S. at 678.

[20]  *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

*Muniz*.[21]  Defendant explains, however, that Pennsylvania enacted new legislation in response to the *Muniz* decision.  In *Commonwealth v. Lacombe*, the Supreme Court of Pennsylvania held that Act 29 applied retroactively to sexual offenders and did not violate the Ex Post Facto Clause of the Constitution.[22]

The Ex Post Facto Clause of the Constitution forbids any law that "changes the punishment, and inflicts a greater punishment" for pre-existing conduct.[23] Plaintiff does not allege a violation of the Ex Post Facto Clause in the complaint, and any such claim would likely be foreclosed by the Court's reasoning in *Thomas v. Blocker*,[24] in which I determined that Pennsylvania's sex offender registry does not violate the Ex Post Facto Clause, citing binding precedent.  Because, however, Plaintiff did not raise an Ex Post Facto Clause claim in his complaint, the motion must be denied.

### B.    *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Plaintiff alleges claims pursuant to the First, Eight, and Fourteenth Amendments, which Defendant has not addressed.  Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the Court has an obligation to dismiss a complaint "at any time the court determines" the complaint is frivolous or malicious, fails to

---

21    164 A.3d 1189 (Pa. 2017)
22    234 A.3d 602 (Pa. 2020).
23    *United States v. Shanandoah*, 595 F.3d 151, 158 (3d Cir. 2010) (quoting *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir.2000)), abrogated on other grounds by *Reynolds v. United States*, 565 U.S. 432 (2012).
24    No. 18-cv-812, 2021 WL 1392134, at *9 (M.D. Pa. April 13, 2021).

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[25]   That section applies to this action because Plaintiff is proceeding *in forma pauperis*.[26]   In determining whether a complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard, which the Court has outlined *supra*.

### 1.     First Amendment Claim

Plaintiff does not specify how Defendant has violated the First Amendment in the complaint.   In light of Plaintiff's *pro se* status, the Court will construe his claim as one of retaliation, in light of Plaintiff's allegations that Defendant refused to remove Plaintiff from the registry after Plaintiff notified him of the *Muniz* decision.

In order to establish a First Amendment retaliation claim, a plaintiff must prove that (1) his conduct was constitutionally protected, (2) he suffered an adverse action at the hands of government officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.[27]

---

[25]  28 U.S.C. § 1915(e)(2)(B).  *See*, *e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); *Bower v. Rey*, 2016 WL 7324526 (M.D. Pa. Dec. 16, 2016); *Bracey v. Pa. Dep't of Corrs.*, 2012 WL 1825828 (W.D. Pa. May 18, 2012) ("The Court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss.").

[26]  *See* 28 U.S.C. § 1915(e)(2).

[27]  *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Adverse action is defined as action that is "sufficient to deter a person of ordinary firmness from exercising his . . . rights."[28]

Pennsylvania's sex offender registry law (Act 29), provides that any offender must register if the offender was "(1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police . . . has not expired; or (2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired."[29] Plaintiff admits that he was convicted of rape in 1983, which constitutes an offense that mandates lifetime registration.[30]

In 2000, a prior version of the sex offender registry law, commonly called Megan's Law II, was enacted.[31] Under Megan's Law II, individuals convicted of certain enumerated offenses were "required to register with the Pennsylvania State Police for a period of ten years" and individuals convicted of more serious offenses such as rape were "subject to lifetime registration[.]"[32] Offenders subject to registration under Megan's Law II, however, were only required to register their

---

[28] *Oliver v. Roquet*, 858 F.3d 180, 190 n.6 (3d Cir. 2017) (internal quotation marks omitted).
[29] 42 Pa. C.S. § 9799.52.
[30] *See* 42 Pa. C.S. § 9799.55 (requiring those convicted of rape who were required to register under a previous sexual offender registration law to register for life).
[31] Act of May 10, 2000, P.L. 74, No. 18, *available at* https://www.legis.state.pa.us/WU01/LI/LI/US/PDF/2000/0/0018..PDF
[32] *See id.*

residence "upon release from incarceration."[33]  Plaintiff was required to register under Megan's Law II in 2000 as those convicted of rape "are subject to lifetime registration." However, he did not need to register his address with the PSP at that time because, as he states in his complaint, he was incarcerated.  Although Plaintiff did not register his address under Megan's Law II, it plainly applied to him as a convicted rapist.  Thus, Act 29 also applies to him and he must register under it.

Because Plaintiff is required to register as a sex offender, Defendant's refusal to remove him from the registry or his requirement that Plaintiff continue to register is not an action that would deter a person of ordinary firmness from exercising his rights.  For this reason, the Court will dismiss Plaintiff's First Amendment claim.

## 2.    Eighth Amendment Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. XIII.  In the context of a challenge to a sex offender registration requirement, the Court should focus on whether the registration requirement "may be categorized as 'punishment.'"[34]  The Supreme Court of Pennsylvania has explicitly held that the registration provisions of Act 29 are not punitive.[35]  In addition, the United States Court of Appeals for the Third Circuit has considered whether New Jersey's sex offender registry constitutes punishment in

---

[33]  *See id.*
[34]  *Artway v. Attorney General of N.J.*, 876 F. Supp. 666, 678 (D.N.J. 1995).
[35]  *Commonwealth v. Lacombe*, 234 A.3d 602, 605-06 (Pa. 2020).

*E.B. v. Verniero*.[36] After conducting a detailed analysis, our Court of Appeals concluded that "Megan's Law does not constitute punishment for purposes of the Ex Post Facto and Double Jeopardy Clauses."[37]  The Third Circuit did not consider whether such a law would constitute punishment under the Eighth Amendment in that case.  However, this Court has previously held that Pennsylvania's iterations of its sex offender registry do not constitute punishment.[38]  Notably, the Third Circuit did conclude that New Jersey's Sexually Violent Predator Act, which permits the state to civilly commit those that it deems to be sexually violent predators, was not punitive in the context of the Eighth Amendment.[39]  It would stand to reason, then, that if civil commitment for being a sexually violent predator is not punishment, registration for being a sex offender is likewise not punishment.

The Court agrees with the Third Circuit's reasoning in *E.B.* and notes its prior determination that the Pennsylvania sex offender registry does not constitute punishment; the Plaintiff's Eighth Amendment claim will therefore be dismissed.

---

[36]   119 F.3d 1077 (3d Cir. 1997)

[37]   *Id.* at 1105.

[38]   *See Hernandez v. Kiak*, No. 14-cv-2317, 2016 WL 5796895, at *8 (M.D. Pa. Sept. 30, 2016) (relying on state court decisions holding that the registration requirements were non-punitive and concluding that the Eighth Amendment claim lacks merit); *see also Bango v. Pennsylvania*, No. 07-cv-1095, 2007 WL 2907809, at 1 n.1 (M.D. Pa. Oct. 3, 2007) (finding that plaintiff was unlikely to succeed on Eighth Amendment claim and citing *E.B. v. Verniero*, in the context of a motion for preliminary injunction).

[39]   *Conover v. Main*, 601 F. App'x 112, 115 (3d Cir. 2015).

### 3.    Fourteenth Amendment Due Process Claim

Plaintiff alleges that his sex offender registration violates the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Plaintiff's claim is squarely foreclosed by precedent from the Supreme Court of the United States and the Third Circuit.

In *Connecticut Department of Public Safety v. Doe*,[40] the Supreme Court considered whether the Connecticut state sex offender registry deprives an offender from a liberty interest regarding his or her reputation in violation of the Due Process Clause.  It rejected that argument, finding that the plaintiff there was not entitled to a separate hearing regarding his registration, and further finding that "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender had already procedurally safeguarded opportunity to contest" during the criminal proceedings.[41]

Relying on that decision, the Third Circuit determined that a Pennsylvania offender was not entitled to further procedural due process protections before he was classified as a Tier III offender and subjected to the resulting lifetime registration requirement in *Riley v. Corbett*.[42]  The court in *Riley* noted that the plaintiff was

---

[40]   538 U.S. 1 (2003).
[41]   *Id.* at 7.
[42]   622 F. App'x 93, 95-96 (3d Cir. 2015).

convicted of rape, a Tier III offense, and that it was uncontested that the plaintiff was properly tried and convicted.[43]  Thus, the plaintiff had received all process due, and a further hearing in such a circumstance is not required.[44]

Here, Plaintiff was convicted of rape, a Tier III offense.  Plaintiff does not allege that he was wrongly tried or convicted.  Like the plaintiff in *Riley*, Plaintiff has received all due process required, and thus the Court will dismiss this claim, as well.

### 4.    Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Plaintiff does not allege membership in any protected class or group, and thus the Court will presume that Plaintiff has intended to assert a class of one claim.[45]  Under such a theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference

---

[43]  *Id.* at 96.
[44]  *Id.*
[45]  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that a plaintiff may allege a class of one cause of action where the plaintiff does not otherwise allege membership in any class or group).

in treatment."[46] "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'"[47]

Plaintiff does not allege that he has been intentionally treated differently from others similarly situated. He alleges only that he was treated "differently than the approximately 3,000 individuals who were removed from the sex offender registry/website" and cites an article noting that the PSP removed approximately 3,000 individuals from the registry after Governor Tom Wolf signed Act 10 of 2018 into law.[48] Plaintiff does not allege how those individuals were similarly situated to him—his allegation is conclusory.

To establish an equal protection claim, Plaintiff would also need to allege that his different treatment is not "rationally related to a legitimate government goal."[49] Plaintiff alleges in conclusory fashion that "there was no rational basis for the difference in treatment."[50] A sex offender registrant that treats different types of offenders differently "easily satisfies this requirement."[51] "Protecting vulnerable individuals from sexual offenses is certainly a legitimate state interest," and the legislature's decision to require those who are convicted of rape to remain on the

---

[46] *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).
[47] *Starzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Norlinger v. Hahn*, 505 U.S. 1, 10 (1992)).
[48] Doc. 2 at 12, 18.
[49] *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996).
[50] Doc. 2 at 12.
[51] *Artway*, 81 F.3d at 1267.

registry for life is rationally related to that goal because of the nature of the offense.[52]

That others who have been convicted of lesser offenses have been removed from the registry whereas Plaintiff has not is not a violation of equal protection.[53]  Thus, the Court will dismiss this claim.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."[54] Plaintiff's claims are legally deficient, and no amendment could cure those deficiencies.  Leave to amend would be futile and will be denied.

---

[52]  *See Artway*, 81 F.3d at 1267-68 ("Requiring registration of convicted sex offenders found to be 'repetitive and compulsive' as opposed to other sex offenders or the rest of the population, is rationally related to that goal.  The legislature could have rationally concluded that sex offenders who had completed all incarceration, probation and parole had a good chance of reintegrating into their communities and therefore posed a lower risk.  Also, realizing that people who had rejoined society had the most to lose, the legislature could have rationally decided to require only 'repetitive and compulsive' offenders in this category to register.").

[53]  The Supreme Court of Pennsylvania determined in *Muniz* that Megan's Law III's registration requirements "were excessive and over-inclusive in relation to the statute's intended purpose of protecting the public; it 'categorize[d] a broad range of individuals as sex offenders subject to its provisions, including those convicted of offenses that do not specifically relate to a sexual act.'"  *Lacombe*, 234 A.3d at 615 (quoting *Muniz*, 164 A.3d at 1218).  In response to that decision, the legislature enacted Act 29, at issue here, which eliminated a number of crimes to be included on the registry.  *See id.*

[54]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.  CONCLUSION

Based on the foregoing, the motion to dismiss will be denied, and the claims in the complaint will be *sua sponte* dismissed with prejudice.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge